# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. |
| | : | |
| v. | : | |
| | : | |
| **JOHN JACOB HASAY,** | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Waiver of Indictment/Plea of Guilty</u>. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Information, which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That Information will charge the defendant with a violation of Title 18, United States Code, § 922(o), illegal possession of a machinegun. The maximum penalty for that offense is

imprisonment for a period of 10 years, a fine of $250,000, a

maximum term of supervised release of three years, to be

determined by the court, which shall be served at the conclusion

of and in addition to any term of imprisonment, the costs of

prosecution, denial of certain federal benefits, and an

assessment in the amount of $100. At the time the guilty plea

is entered, the defendant shall admit to the court that the

defendant is, in fact, guilty of the offense charged in the

Information. The defendant agrees that the United States may,

at its sole election, seek additional charges in the event that any

guilty plea entered or sentence imposed pursuant to this

Agreement is subsequently vacated, set aside, or invalidated by

any court. The defendant further agrees to waive any defenses

to the filing of additional charges, based upon laches, the

assertion of speedy trial rights, any applicable statute of

limitations, or any other ground. The calculation of time under

the Speedy Trial Act for when trial must commence is tolled as

of the date of the defendant's signing of this Plea Agreement.

2

2. <u>Term of Supervised Release</u>. The defendant understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3. <u>No Further Prosecution, Except Tax Charges</u>. The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B. Fines and Assessments

4. <u>Fine</u>. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

5. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6.  Inmate Financial Responsibility Program. If the court orders a
    fine or restitution as part of the defendant's sentence, and the
    sentence includes a term of imprisonment, the defendant agrees
    to voluntarily enter the United States Bureau of Prisons-
    administered program known as the Inmate Financial
    Responsibility Program, through which the Bureau of Prisons
    will collect up to 50% of the defendant's prison salary, and up to
    50% of the balance of the defendant's inmate account, and apply
    that amount on the defendant's behalf to the payment of the
    outstanding fine and restitution orders.

7.  Special Assessment. The defendant understands that the court
    will impose a special assessment of $100, pursuant to the
    provisions of Title 18, United States Code, § 3013. No later
    than the date of sentencing, the defendant or defendant's
    counsel shall mail a check in payment of the special assessment
    directly to the Clerk, United States District Court, Middle
    District of Pennsylvania. If the defendant intentionally fails to
    make this payment, that failure may be treated as a breach of

this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8. Collection of Financial Obligations. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

b. to submit to interviews by the Government regarding the defendant's financial status;

c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea:

d. whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented

6

party by the Government regarding the defendant's

financial status;

e.   to authorize the Government to obtain the defendant's

credit reports in order to evaluate the defendant's ability to

satisfy any financial obligations imposed by the court; and

f.   to submit any financial information requested by the

Probation Office as directed, and to the sharing of financial

information between the Government and the Probation

Office.

## C.   Sentencing Guidelines Calculation

9.   <u>Determination of Sentencing Guidelines.</u>  The defendant and

counsel for both parties agree that the United States Sentencing

Commission Guidelines, which took effect on November 1, 1987,

and its amendments, as interpreted by *United States v. Booker*,

543 U.S. 220 (2005), will apply to the offense or offenses to

which the defendant is pleading guilty.  The defendant further

agrees that any legal and factual issues relating to the

application of the Federal Sentencing Guidelines to the

defendant's conduct, including facts to support any specific

offense characteristic or other enhancement or adjustment and

the appropriate sentence within the statutory maximums

provided for by law, will be determined by the court after

briefing, a pre-sentence hearing, and/or a sentencing hearing.

10. <u>Acceptance of Responsibility– Two/Three Levels</u>.  If the

defendant can adequately demonstrate recognition and

affirmative acceptance of responsibility to the Government as

required by the Sentencing Guidelines, the Government will

recommend that the defendant receive a two- or three-level

reduction in the defendant's offense level for acceptance of

responsibility. The third level, if applicable, shall be within the

discretion of the Government under U.S.S.G. § 3E1.1. The

failure of the court to find that the defendant is entitled to a

two- or three-level reduction shall not be a basis to void this

Plea Agreement.

8

11. <u>Specific Sentencing Guidelines Recommendations</u>. With respect
to the application of the Sentencing Guidelines to the
defendant's conduct, the parties agree to recommend as follows:

a.   **The offense involved a firearm described in 26 U.S.C.**
**§5845(a); and**

b.   **The offense involved three to seven firearms, pursuant to**
**U.S.S.G. § 2K2.1(b)(1)(B).**

Each party reserves the right to make whatever remaining
arguments it deems appropriate with regard to application of
the United States Sentencing Commission Guidelines to the
defendant's conduct.  The defendant understands that none of
these recommendations is binding upon either the court or the
United States Probation Office, which may make different
findings as to the application of the Sentencing Guidelines to
the defendant's conduct.  The defendant further understands
that the United States will provide the court and the United
States Probation Office all information in its possession that it

9

deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

## D.  Sentencing Recommendation

12. Appropriate Sentence Recommendation.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

13. Special Conditions of Probation/Supervised Release.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

   a.   The defendant be prohibited from possessing a firearm or other dangerous weapon.

10

b.  The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the court.

c.  The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

11

i.    The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.    The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.    The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.    The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.   The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.  Forfeiture of Assets

14. <u>Forfeiture</u>.  The present information seeks forfeiture of the defendant's interests in certain assets.  In the event the United States seeks to forfeit those assets through a civil proceeding,

12

the defendant understands that dismissal of the criminal

forfeiture allegation in no way limits the United States from

proceeding civilly against any assets owned or held by the

defendant or any other party. Defendant agrees to settle any

civil and criminal forfeiture matters arising out of the offense of

conviction and its relevant conduct. The defendant agrees that

the defendant's property constitutes proceeds of, is derived from

proceeds traceable to, or was used in any manner or part to

commit or facilitate the commission of the offense of conviction

and its relevant conduct. Defendant further agrees to the

following:

a.   Forfeiture of the following firearms, ammunition, and

     associated components:

     i.   Glock 19 9mm bearing an auto sear, Serial No.

          BDCC352;

     ii.  CAA Model G3, Micro Roni pistol carbine conversion

          bearing a scope;

13

iii.  IWI Model MP Uzi bearing a shortened barrel, Serial No. W1005825;

iv.  GSG Model 522 bearing a shortened barrel and a Black and Brown optic, Serial No. A566778;

v.  Charter Arms Model AR-7 Explorer bearing a shortened barrel, Serial No. A145952;

vi.  Mossberg Model 500A bearing a shortened barrel, Serial No. J387047;

vii.  I.O. Inc. Sporter bearing a suppressor, Serial No. 5030322;

viii. two suppressors;

ix.  miscellaneous sawed-off rifle and shotgun barrels; and

x.  miscellaneous ammunition and magazines;

b.  That the above firearms and ammunition were involved in the commission of violations of 18 U.S.C. § 922(o), and are subject to forfeiture pursuant to 18 U.S.C. § 924(d) as incorporated by 28 U.S.C. § 2461(c);

c.  That once the following firearms are no longer retained for evidence, they will be released for sale to a federal firearms licensee designated by the defendant and approved by the United States Attorney's Office, with the sale proceeds returned to the defendant or his designee;

   i.   DPMS Panther Arms Model A-15, Serial No. DNWC002348;

   ii.  BFI Model BACR bearing a scope, Serial No. ACRD000800;

   iii. Squire Bingham Model 14 bearing a scope, Serial No. 542766;

   iv.  Century Arms Model C308 Sporter, Serial No. C308E13642, bearing a X-Sight XD scope, Serial No. 333825; and

   v.   Ruger Model 1022, Serial No. 0003-90870;

d.  Immediate entry of the preliminary order of forfeiture and/or the filing of a civil complaint by the United States, pursuant to Title 18, United States Code, § 981;

15

e.   Waiver of the right to personal service of all process and naming of Al Flora, Esq. as agent for service of all process;

f.   Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

g.   The filing and entry of a consent decree of forfeiture;

h.   Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

i.   Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

j.   Payment of costs associated with the seizure, storage, and maintenance of the any asset being returned to the defendant as a result of this Agreement;

k.   In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim

16

against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

l.   Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures; and

m.   Waiver of all constitutional, legal, and equitable claims arising out of and/or defenses to the forfeiture of this property in any proceeding, including any claim of Innocent Ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine.

15.   Disclosure of Assets.  This Agreement is being entered by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's

17

complete and candid compliance with this provision of the Plea
Agreement. The defendant also understands that a failure to
make a full disclosure or lack of candor revealed by a polygraph
examination would constitute a breach of this Plea Agreement,
subjecting the defendant to the sanctions set forth in this Plea
Agreement. Conditioned upon such full disclosure, the United
States agrees not to seek the seizure/forfeiture of any of the
defendant's assets other than those set forth in this Agreement.

16. No Further Forfeiture. As the result of the forfeitures set forth
above, the United States agrees not to seek forfeiture of any
other asset known to the United States by defendant's
disclosure to belong to the defendant or the defendant's family.
This Agreement does not prevent the Internal Revenue Service
from the collection of taxes or the seizure of assets to satisfy
those taxes.

17. Forfeiture of Interests/Passage of Clear Title/Destruction Order.
By this Agreement, the defendant agrees to forfeit all interests
in the assets set forth above and to take whatever steps are

necessary to pass clear title of those assets to the United States. These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers.

18. <u>Destruction Order/Waivers.</u> The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation. The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order. The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant consents and waives all rights to compliance by the

United States with any applicable deadlines under 18 U.S.C. §
983(a). Any related administrative claim filed by the defendant
is hereby withdrawn. The defendant agrees to consent to the
entry of orders of forfeiture for such property and waives the
requirements of Federal Rules of Criminal Procedure 32.2 and
43(a) regarding notice of the forfeiture in the charging
instrument, announcement of the forfeiture at sentencing, and
incorporation of forfeiture in the judgment.

19. Forfeiture of Firearms Possessed in Connection With the
Offense. The United States and Defendant hereby agree that
the Glock 19 9mm, Serial No. BDCC352, CAA Model G3, Micro
Roni pistol carbine conversion, IWI Model MP Uzi, Serial No.
W1005825, GSG Model 522, Serial No. A566778, Charter Arms
Model AR-7 Explorer, Serial No. A145952, Mossberg Model
500A, Serial No. J387047, and I.O. Inc. Sporter, Serial No.
5030322, which are firearms as defined in 18 U.S.C., § 921,
seized from Defendant and currently in the custody and/or
control of the Federal Bureau of Investigation, were properly

20

control of the Federal Bureau of Investigation, were properly

seized and was possessed. Defendant hereby relinquishes to the United States of America any claim, title and interest Defendant has in said firearms. Defendant further states that Defendant is the sole and rightful owner of said firearms and agrees to withdraw any claim made in any civil, administrative or judicial forfeiture brought against said firearms and further agrees not to oppose any civil, administrative or judicial forfeiture of said firearm.

## F. Victims' Rights and Restitution

20. <u>Victims' Rights</u>. The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

a. The right to be reasonably protected from the accused;

b. The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

c.  The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e.  The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

22

f.   The right to full and timely restitution as provided for by
     law.  The attorney for the Government is required to "fully
     advocate the rights of victims on the issue of restitution
     unless such advocacy would unduly prolong or complicate
     the sentencing proceeding," and the court is authorized to
     order restitution by the defendant including, but not limited
     to, restitution for property loss, economic loss, personal
     injury, or death;

g.   The right to proceedings free from unreasonable delay; and

h.   The right to be treated with fairness and with respect for
     the victim's dignity and privacy.

21. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the
    Mandatory Restitution Act of April 24, 1996, Title 18, United
    States Code, § 3663A, the court is required in all instances to
    order full restitution to all victims for the losses those victims
    have suffered as a result of the defendant's conduct.  The
    defendant also agrees that the Government will seek and the
    court may impose an order of restitution as to victims of the

23

defendant's relevant conduct. With respect to the payment of restitution, the defendant further agrees that, as part of the sentence in this matter, the defendant shall be responsible for making payment of restitution in full, unless the defendant can demonstrate to the satisfaction of the court that the defendant's economic circumstances do not allow for the payment of full restitution in the foreseeable future, in which case the defendant will be required to make partial restitution payments. In addition to the schedule of payments that may be established by the court, the Defendant understands and agrees that, pursuant to the Mandatory Victims Restitution Act of 1996 and the Justice For All Act of 2004, victims of Federal Crime are entitled to full and timely restitution. As such, these payments do not preclude the government from using other assets or income of the Defendant to satisfy the restitution obligation. The Defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any

24

legal means, including but not limited to, submission of the debt

to the Treasury Offset Program, to collect the full amount of

restitution owed to the victim(s) in a timely fashion. Although

the defendant may reserve the right to contest the amount of

restitution owed, the defendant agrees to take all steps to

facilitate collection of all restitution, including submitting to

debtor's exams as directed by the Government. Towards this

goal, the defendant agrees to waive any further notice of

forfeiture and agrees that the United States may, at its sole

election, elect to pursue civil and/or criminal forfeiture in the

amount of the victim restitution owed in this case, and the court

may enter both a restitution order and a forfeiture judgment in

the amount of any unpaid restitution found by the court to be

due and owing at the time of sentencing in this matter. The

defendant consents to the filing of any civil complaint or

superseding information which may be necessary to perfect a

forfeiture order and further stipulates and agrees that the

defendant's guilty plea constitutes an admission to all matters

25

legally and factually necessary for entry of a forfeiture order in this case.  The defendant acknowledges that the making of any payments does not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligations.  The defendant understands that the amount of restitution calculated for purposes of Chapter 5 of the Sentencing Guidelines might be different from the amount of loss calculated for purposes of Chapter 2 of the Sentencing Guidelines.

## G.  Information Provided to Court and Probation Office

22. Background Information for Probation Office.  The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

23. Objections to Pre-Sentence Report.  The defendant understands that pursuant to the United States District Court for the Middle

26

District of Pennsylvania "Policy for Guideline Sentencing" both
the United States and defendant must communicate to the
Probation Officer within 14 days after disclosure of the pre-
sentence report any objections they may have as to material
information, sentencing classifications, sentencing guideline
ranges, and policy statements contained in or omitted from the
report. The defendant agrees to meet with the United States at
least five days prior to sentencing in a good faith attempt to
resolve any substantive differences. If any issues remain
unresolved, they shall be communicated to the Probation Officer
for inclusion in an addendum to the pre-sentence report. The
defendant agrees that unresolved substantive objections will be
decided by the court after briefing, or a pre-sentence hearing, or
at the sentencing hearing where the standard or proof will be a
preponderance of the evidence, and the Federal Rules of
Evidence, other than with respect to privileges, shall not apply
under Fed. R. Evid. 1101(d)(3), and the court may consider any
reliable evidence, including hearsay. Objections by the

27

defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

24. <u>Relevant Sentencing Information</u>.  At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

25. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence

28

regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## H.  Court Not Bound by Plea Agreement

26.  <u>Court Not Bound by Terms</u>.  The defendant understands that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties.  Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 10 years, a fine of $250,000, a maximum term of supervised release of up to three years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

27.  <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be

29

permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

## I. Breach of Plea Agreement by Defendant

28. <u>Breach of Agreement</u>. In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations. Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

30

29. <u>Remedies for Breach</u>.  The defendant and the United States
agree that in the event the court concludes that the defendant
has breached the Agreement:

a.  The defendant will not be permitted to withdraw any guilty
plea tendered under this Agreement and agrees not to
petition for withdrawal of any guilty plea;

b.  The United States will be free to make any
recommendations to the court regarding sentencing in this
case;

c.  Any evidence or statements made by the defendant during
the cooperation phase of this Agreement, if any, will be
admissible at any trials or sentencings;

d.  The United States will be free to bring any other charges it
has against the defendant, including any charges originally
brought against the defendant or which may have been
under investigation at the time of the plea.  The defendant
waives and hereby agrees not to raise any defense to the

31

reinstatement of these charges based upon collateral

estoppel, Double Jeopardy, or other similar grounds.

30. <u>Violation of Law While Plea or Sentence Pending</u>. The

defendant understands that it is a condition of this Plea

Agreement that the defendant refrain from any further

violations of state, local, or federal law while awaiting plea and

sentencing under this Agreement. The defendant acknowledges

and agrees that if the government receives information that the

defendant has committed new crimes while awaiting plea or

sentencing in this case, the government may petition the court

and, if the court finds by a preponderance of the evidence that

the defendant has committed any other criminal offense while

awaiting plea or sentencing, the Government shall be free at its

sole election to either: (a) withdraw from this Agreement; or (b)

make any sentencing recommendations to the court that it

deems appropriate. The defendant further understands and

agrees that, if the court finds that the defendant has committed

any other offense while awaiting plea or sentencing, the

32

defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## J.  Deportation

31. <u>Deportation/Removal from the United States</u>.  The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a possible consequence of this plea.  The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea.  Defendant still desires to enter into this plea after having been so advised.

## K.  Other Provisions

32. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state or local law enforcement agency.

33. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

34. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

34

35. <u>Merger of All Prior Negotiations</u>. This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

36. <u>Defendant is Satisfied with Assistance of Counsel</u>. The Defendant agrees that the defendant has discussed this case and this plea agreement in detail with the defendant's attorney

who has advised the defendant of the defendant's Constitutional

and other trial and appeal rights, the nature of the charges, the

elements of the offenses the United States would have to prove

at trial, the evidence the United States would present at such

trial, possible defenses, the advisory Sentencing Guidelines and

other aspects of sentencing, potential losses of civil rights and

privileges, and other potential consequences of pleading guilty

in this case. The defendant agrees that the defendant is

satisfied with the legal services and advice provided to the

defendant by the defendant's attorney.

37. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this

Agreement must be signed by the defendant and defense

counsel and received by the United States Attorney's Office on

or before 5:00 p.m., October 26, 2018, otherwise the offer may,

in the sole discretion of the Government, be deemed withdrawn.

38. <u>Required Signatures</u>.  None of the terms of this Agreement shall

be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant

36

and defense counsel and then signed by the United States

Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

10-8-18
Date

JOHN JACOB HASAY
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10/16/18
Date

ALBERT FLORA, ESQ.
Counsel for Defendant

DAVID J. FREED
United States Attorney

11/7/18
Date

By:

PHILLIP J. CARABALLO
Assistant United States Attorney

38