**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| | : | **3:CR-18-371** |
| **JOHN JACOB HASAY** | : | **(Munley, J.)** |
| | : | |
| **Defendant** | | |

**DEFENEDANT'S SENTENCING MEMORANDUM**

### I.    Statement of the Case

The defendant, John Hasay, has accepted full responsibility for his actions by pleading guilty to an Information charging him with one count of Possession of a Machine Gun[1] under 18 U.S.C. §922(o). Hasay converted a legal, semi-automatic Glock Model 19 handgun into an automatic in violation of Federal Law.

Hasay has no prior criminal record. He has been detained on this offense since August 22, 2018. He now comes before this court for sentencing.

### II.    Sentencing Principles

In sentencing a criminal defendant, this Court must adhere to the following three-step sequence. First, it must correctly determine the appropriate sentencing range on the basis of the Sentencing Guidelines. Though advisory, the court must consider the Guidelines and take them into account in imposing sentence. *U.S. v.*

---

[1] A machine gun is defined as any weapon which shoots, is designed to shoot or is restored to shoot automatically more than one shot, without manual reloading, by a single pull of the trigger. 26 U.S.C. §5845(b).

*Booker*, 543 U.S. 220, 264 (2005); *Kimbrough v. U.S.* 552 U.S. 85, 101 (2007) (court may vary from the Guideline ranges based solely on policy considerations, including disagreements with the Guidelines). A court may not automatically presume that a sentence within the applicable Guidelines is reasonable. *U.S. v. Lychock*, 578 F.3d 214 (3rd Cir. 2009).

In this case, Hasay agrees that the Guidelines, as calculated, provide for an imprisonment range of 24 to 30 months.

Next, the court must apply any Guideline range departures based upon 5H and 5K; and only then, consider all of the 3553(a) factors to determine whether the sentence as requested by the parties is supported. *Lychock*.

### III.    Sentence Requested by Hasay

Hasay, for the reasons hereafter set forth, is requesting a downward departure by 6 levels to an Offense Level of 11 which provides for an imprisonment range of 8 to 14 months within Zone B of the Guidelines.[2] This would allow the court to use either of the following substitutes for imprisonment under U.S.S.G. 5C1.1 (c):

    1.  a sentence of imprisonment that includes a term of supervised

        release with a condition that requires home detention, having

---

[2] If this court were to grant a downward variance of 5 levels to an Offense Level of 12, Zone C, the Guidelines provide for a term of imprisonment of 10 – 16 months. The court could then impose a sentence of imprisonment that substitutes home detention as Hasay would have satisfied at least one-half of the minimum term by imprisonment. U.S.S.G. 5C1.1(d)(2).

already satisfied at least  one month by imprisonment. U.S.S.G.
5C1.1(c), (2); or

2. a sentence of probation that includes a condition of probation
   requiring home confinement sufficient to satisfy the minimum
   term of imprisonment specified in the guideline range. U.S.S.G.
   5C1.1(c), (3).

## IV.    Specific Offender Characteristics Warranting a Downward Departure

A downward departure based upon Hasay's mental condition and need to
participate in a mental health treatment program is warranted under section 5H1.3
of the Guidelines. "According to records, 'he [Hasay] may have a component of
Asperger's which contributes to his social awkwardness and his **fascination with
guns**.' " (PR. parag. 34) (emphasis added). Asperger's Disorder is a "severe and
sustained impairment in social interaction and the development of restricted,
repetitive patterns of behavior, **interests** and activities" that can encompass a
**preoccupation** with an interest that is abnormal in intensity or focus. American
Psychiatric Association (1994), Asperger's Disorder. In Diagnostic and Statistical
Manual of Mental Disorders, (4th ed.), p.75.

Hasay's conduct reflects an abnormal preoccupation with the mechanics of
firearms which cannot be explained in isolation. His preoccupation is not offered
as an excuse for his actions, but rather, is presented in the context of understanding

why he, having no prior criminal record, engaged in this illegal activity. The manifestations of Asperger's that reflect an abnormal preoccupation in firearm mechanics make this case unique justifying a downward departure.

Hasay's conversion of the Glock handgun to an automatic and shortening the barrels of several other firearms, though illegal, was directed at how these firearms might work, once he made certain modifications, as opposed to using them to facilitate a crime. The guns were kept at his home, and he fired them on his parent's farm. He put no one in danger. And, the Government has not alleged that he was planning to use these firearms to facilitate the commission of any other crime. His conduct can only be rationally explained with reference to his manifestations of Asperger's Disorder.[3]

## V.    Section 3553(a) Factors

A sentence at the low end of the Guidelines would be excessive based upon an individualized determination applying the 3553(a) factors and policy considerations. *U.S. v. Tomko*, 562 F.3d 558, 570 (3rd Cir. 2009)(court sentence that departed from guidelines based upon individualized determination that guideline range recommended an excessive sentence); *Lychock*, 578 F.3d at 219-

---

[3] The conversion of the Glock handgun from a semi-automatic to an automatic firearm required no special skill on Hasay's part. The conversion merely entailed attaching a device, known as an auto sear, to the back end of the gun. Hasay modified the other firearms simply by sawing off the barrels.

220 (sentencing court is allowed to impose a sentence that varies from the Guidelines based solely on policy considerations).

Hasay is a 22 year old man who in May 2018 was medically discharged from the U.S. Navy after 3 weeks of basic training. This discharge was a major setback for him.

He comes from a supportive family and until this incident he has been law abiding. Sentencing letters submitted to the court as well as testimony that will be provided at sentencing will show that this is a young man whose background and history conflict with his actions that have brought him before this court. Though Hasay's lack of criminal history and acceptance of responsibility are already reflected in the Guidelines calculation, courts can, nevertheless vary from the Guidelines based on the "generally law-abiding nature of a first time offender." *Lychock*, 578 F.3d at 220. Neither Hasay's background nor the Government's investigation reveals that Hasay was modifying these firearms to perpetrate an underlying crime.

As noted, Hasay manifests a component of Asperger's Disorder by his abnormal preoccupation with the mechanics of firearms. His condition offers an

explanation as to why he, as a law-abiding young man, collected and modified these firearms.[4]

The Government's statement of offense conduct indicates that Hasay belonged to a social media group on FaceBook, and that he posted anti-sematic and racist comments and jokes on that site. It is actually this conduct which precipitated the Government's investigation. However, the Government acknowledges that it found no additional evidence indicating that Hasay was planning to commit a hate crime, or additional evidence that he is a white supremacist or member of a white supremacist group. Hasay will acknowledge that these statements and jokes were distasteful and vile. However, they were hyperbole and not directed as a threat to any particular person or group. Compare, *Watts v. U.S.*, 394 U.S. 705 (1969) (hyperbole, no matter how distasteful, is protected free speech).[5]

In addressing the nature and circumstances of the crime, it is important to put into context the handgun[6] which Hasay illegally converted to an automatic, thus qualifying it as a machine gun under federal law. 28 U.S.C. 5845(b); 18

---

[4] Interestingly, had Hasay not been charged with possession of a machine gun, his possession of the additional illegal firearms seized at his residence would have had an offense level of 6. U.S.S.G. 2K2.1(b)(2).

[5] His anti-sematic and racist comments and jokes may be a product of his depressive disorder and his social awkwardness which is a component of Asperger's. Posting these comments and jokes on FaceBook may have been his way of seeking attention and social acceptance, however, misguided, amongst members of his social media group.

[6] A handgun means a "firearm which has a short stock and is designed to be held and fired by the use of a single hand." 18 U.S.C. §921(a)(29).

U.S.C. 921(a)(23).  The Glock 19 semi-automatic handgun can be legally possessed. This handgun does not have a large capacity magazine[7] and was stored at his home along with the other illegally modified firearms. He used these firearms on his parent's farm for target shooting.[8] He did not unlawfully discharge or otherwise unlawfully use any of the illegal firearms. The public was not threatened by Hasay's possession of the illegal firearms.

There is little or no need to protect the public from Hasay committing future crimes. This incident is so isolated and represents an anomaly in Hasay's life. He had never been convicted of any offense involving the use of a firearm, let alone any crime. And, the Government's investigation did not reveal that he possessed the illegal firearms for some other underlying unlawful purpose.

A lengthy sentence of incarceration will not afford deterrence to criminal conduct. Persons like Hasay who have an abnormal preoccupation with the mechanics of a firearm due to Asperger's are not going to be deterred by a jail term. Timely identification of the components of this disorder and psychiatric intervention will serve as the necessary deterrent.

Under the holding of *Pepper v. U.S.*, 131 S.Ct. 1229 (2011),  Hasay requests this court to consider evidence of his post-arrest conduct for sentencing purposes.

---

[7] Under the sentencing Guidelines, a large capacity magazine is defined as a magazine that can accept more than 15 rounds of ammunition. U.S.S.G. 2k2.1, Application Note 2. It is well known that the Glock 19 has a capacity of 15 rounds.
[8] Hasay had actually posted on a social media site a video of himself shooting the handgun, as converted to an automatic, on his property.

This evidence, standing alone, can support a sentence variance below the advisory federal sentencing guideline range. During the 8 months Hasay has been detained at the Lackawanna County Prison, he has had no prison infractions, has undergone psychiatric evaluation and care, and has been assigned duties as a tier walker on his block at the prison.

If this court imposes a sentence as requested by Hasay, it will reflect the seriousness of the offense by recognizing that the illegal possession of an automatic handgun, despite it being used for target shooting and absent any underlying criminal purpose, cannot be condoned. Yet the requested sentence will take into account all the circumstances surrounding its possession and use, as noted. Furthermore, the sentence requested will provide a just punishment as Hasay has already served 8 months of imprisonment; and he will continue to serve as a condition of any additional term a period of home confinement and psychiatric counseling.

Finally, there is a policy question which this court should resolve when considering the Guideline range of 24 to 30 months. 26 U.S.C. §5845(b) defines a machine gun as any automatic weapon. Beyond this definition, the sentencing Guidelines don't differentiate between the various models of machine guns and the degree to which they pose a public threat. U.S.S.G. 2K2.1(a)(5); 28 U.S.C. §5845(a). Factors such as ammunition caliber and magazine capacity are main

differentials which are not even considered. Yet, the Guideline would punish the person who possesses a Browning Automatic Rifle to the same degree as a person like Hasay who possesses a Glock automatic handgun that has a standard magazine capacity of 15 rounds, and fires 9mm bullets. https://us.glock.com/en/pistols/g19.

## VI.   CONCLUSION

The imposition of a sentence as requested by Hasay will insure that the sentence reflects a careful consideration of the Guidelines and the 3553(a) factors resulting in a sentence that is individualized and not excessive.

/s/ Al Flora, Jr.
Al Flora, Jr., Esq.
Counsel for Hasay